NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

CHERYLE VAVAGES,
*Appellant.*

No. 1 CA-CR 14-0795
FILED 9-15-2015

Appeal from the Superior Court in Maricopa County
CR2013-426764-001
The Honorable Brian Kaiser, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**O R O Z C O**, Judge:

¶1        Cheryle Vavages (Vavages) appeals her convictions and sentences for four counts of aggravated driving while under the influence of intoxicating liquor. Vavages's counsel filed a brief in accordance with *Smith v. Robbins,* 528 U.S. 259 (2000); *Anders v. California,* 386 U.S. 738 (1967); and *State v. Leon,* 104 Ariz. 297 (1969), indicating he searched the entire record on appeal and found no arguable question of law that was not frivolous. This court granted Vavages leave to file a supplemental brief in propria persona, but she has not done so. On appeal, we review the entire record for reversible error. *See State v. Clark,* 196 Ariz. 530, 537, ¶ 30 (App. 1999). Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On the evening of March 16, 2013, two on-duty Scottsdale police officers heard what sounded like a vehicle collision at a nearby intersection. The officers responded to the scene, observing that the car Vavages was driving appeared to have rear ended another vehicle. One of the officers, David Stanley (Officer Stanley), approached Vavages and requested her driver's license, vehicle registration and proof of insurance.

¶3        Officer Stanley noticed that Vavages' eyes appeared to be bloodshot and her speech was "thick." Officer Stanley asked Vavages if she had consumed any alcohol that evening. Vavages reported she had "two beers." Officer Stanley then asked Vavages to exit the vehicle to conduct field sobriety tests, noting that she used both the driver's seat and door to stand up and get out of her car. During the first field sobriety test, Vavages exhibited six markers of impairment. While explaining the second field sobriety test, the "walk-and-turn test," Officer Stanley noticed that Vavages continued to step off the line on the street. Vavages declined to complete the walk-and-turn test or any additional field sobriety tests.

¶4        While conducting a license check, Officer Stanley learned that Vavages's driving privileges had previously been revoked and she had

more than one conviction for driving while under the influence.  Vavages was arrested for driving under the influence.  She consented to and provided a blood sample, obtained by Office Stanley.

¶5        Vavages was charged with four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor. She was convicted by a jury on all four counts.  Vavages was sentenced to four months' imprisonment with thirty-two days of presentence incarceration credit, and four years' probation as to each count, to run concurrently.

¶6        We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12– 120.21.A.1 and 13–4031 and –4033.A.1 (West 2015).[1]  Finding no reversible error, we affirm.

## DISCUSSION

¶7        Convictions on counts 1 and 3 require evidence that Vavages: (1) drove or was in physical control of a vehicle, (2) while under the influence of alcohol, (3) was impaired to the slightest degree, (4) that she had two or more convictions under A.R.S. § 28-1381.A.1 (driving under the influence or DUI) within the past eighty-four months and (5) she knew or should have known that her license to drive was suspended.  A.R.S. §§ 28-1381.A.1, -1383.A.1, and -1383.A.2.

¶8        Convictions on counts 2 and 4 require evidence that Vavages: (1) drove or was in physical control of a vehicle, (2) with a blood alcohol content of .08 or more,  (3) that she had two or more DUI convictions under A.R.S. § 28-1381.A.1 within the past eighty-four months and that (4) she knew or should have known her license to drive was suspended.  A.R.S. §§ 28-1381.A.2, -1383.A.1, and-1383.A.2.

¶9        At trial, the State presented evidence that within an hour of observing Vavages in control of her vehicle, her blood alcohol concentration was reported at .253 percent.  Officer Stanley testified that Vavages showed six indicators of impairment during the first field sobriety test.  An Arizona Motor Vehicle Department custodian of records testified that Vavages had been convicted of DUI in 2007 and in 2009, and that she was notified by mail that her license to drive had been suspended since 2010.

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶10        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *See Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the jury's findings of guilt. Vavages was present and represented by counsel at all critical stages of the proceedings. At sentencing, Vavages and her counsel were given an opportunity to speak and the court imposed a legal sentence.

¶11        Counsel's obligations pertaining to Vavages's representation in this appeal have ended. Counsel need do nothing more than inform Vavages of the status of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Vavages shall have thirty days from the date of this decision to proceed, if she so desires, with an in propria persona motion for reconsideration or petition for review.

## CONCLUSION

¶12        For the foregoing reasons, Vavages's convictions and sentences are affirmed.

